**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Salvador ACEVES–LOPEZ,**
**Defendant–Appellant.**

No. 99–10426.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 14, 2000.

Decided Jan. 12, 2001.

Before REINHARDT, LEAVY and SILVERMAN, Circuit Judges.

## MEMORANDUM [1]

Salvador Aceves–Lopez appeals his 70 month sentence resulting from his guilty plea to illegal reentry, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

 Aceves first contends that the district court erred by increasing his offense level sixteen points pursuant to U.S.S.G. § 2L1.2. A defendant's offense level may be increased by sixteen points if the defendant has a prior conviction for even one aggravated felony. See U.S.S.G. § 2L1.2 (2000). Aceves admits that his prior conviction for attempted distribution of a controlled substance is an aggravated felony. We hold that his prior convictions for battery and burglary also are aggravated felonies because he was sentenced to at least one year imprisonment for each offense. See U.S.S.G. § 2L1.2, n. 1; 8 U.S.C. § 1101(a)(43).

 Aceves also contends that the district court erred in not granting a downward departure in his sentence for the minor nature of his prior aggravated felony. See U.S.S.G. § 2L1.2, n. 5 (2000). If a district court is aware of its authority to grant such departure and declines to do so, we lack jurisdiction to review the discretionary denial of a downward departure. *United States v. Berger,* 103 F.3d 67, 70 (9th Cir.1996). Here, the court was aware of its authority and expressly chose not to grant such departure; we lack jurisdiction

to review this decision. *See also* U.S.S.G. § 2L1.2, n. 5.

AFFIRMED.

---

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

